UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PICKERN,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOZONE WEST, INC, dba AUTOZONE #5036; MICHAEL E. JAMISON, TRUSTEE OF THE JAMISON FAMILY LIVING TRUST DATED DECEMBER 14, 1994; PATRICIA M. JAMISON, TRUSTEE OF THE JAMISON LIVING TRUST DATED DECEMBER 14, 1994,<br><br>    Defendants. | No.  2:13-cv-00321-JAM-EFB<br><br>**ORDER DENYING CROSS-CLAIMANTS' MOTION TO AMEND AND DISMISSING CROSS-CLAIM IN ITS ENTIRETY** |
| MICHAEL E. JAMISON, TRUSTEE OF THE JAMISON LIVING TRUST DATED DECEMBER 14, 1994; PATRICIA M. JAMISON, TRUSTEE OF THE JAMISON LIVING TRUST DATED DECEMBER 14, 1994,<br><br>    Cross-Claimants,<br><br>    v.<br><br>AUTOZONE WEST, INC, a California corporation dba AUTOZONE #5036; TOWNE AND COUNTRY OF CHICO PARTNERSHIP; HIGNELL COMPANIES, and ROES 1-10,<br><br>    Cross-Defendants. | |

  This matter is before the Court on a motion to amend the

cross-claim (Doc. #45) brought by Defendants and Cross-Claimants

1

Michael E. Jamison, Trustee of the Jamison Living Trust dated December 14, 1994, and Patricia M. Jamison, Trustee of the Jamison Living Trust dated December 14, 1994 (collectively "the Jamisons").[1]  Cross-Defendants Towne and Country of Chico Partnership ("Towne and Country") and Hignell Companies ("Hignell") (collectively "Cross-Defendants") oppose the motion (Doc. #50).

I.   PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

In February 2013, Plaintiff Brenda Pickern ("Plaintiff") filed a complaint (Doc. #1) against the Jamisons and Defendant AutoZone West, Inc., dba AutoZone #5306 ("AutoZone"), alleging violations of the Americans with Disabilities Act ("ADA") and its state counterpart.  In August 2013, the Jamisons filed a cross-claim for indemnity and interpleader (Doc. #16) against Cross-Defendants seeking indemnification as to any settlement funds paid by the Jamisons to Plaintiff.  The Jamisons and AutoZone filed and subsequently dismissed cross-claims against each other. After a successful settlement between the Jamisons, AutoZone and Plaintiff, the Court dismissed the complaint with prejudice (Doc. #37), but specifically noted that the Jamisons' cross-claim, the only remaining matter before the Court, would be kept on the calendar.

///
///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for September 3, 2014.

2

## II.   OPINION

The Jamisons bring this motion for leave to file an amended and/or supplemental cross-claim to add new causes of action, entirely under state law, against Cross-Defendants for (1) breach of contract; (2) fraud; (3) negligent misrepresentation; (4) money had and received; and (5) restitution/unjust enrichment.  Cross-Defendants oppose the motion, arguing the court lacks subject-matter and supplemental jurisdiction or, in the alternative, that the Court should decline to exercise supplemental jurisdiction.

The Court may consider sua sponte whether to continue exercising supplemental jurisdiction over solely state cross-claims.  See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (suggesting that a district court may, but need not, decide sua sponte whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed); Sprigmeyer v. Manjiv, 2:09-CV-00924-GEB-DAD, 2010 WL 2740178, at *2 (E.D. Cal. 2010) (declining to exercise jurisdiction over a state cross-claim for indemnity after the plaintiff's initial ADA claims were terminated).

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" following dismissal of "all claims over which it has original jurisdiction . . . ."  The decision whether to decline exercising supplemental jurisdiction under 28 U.S .C. § 1367(c)(3) should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in United Mine Workers

of America v. Gibbs, 383 U.S. 715, 726 (1996).  "The Supreme Court has stated, and [the Ninth Circuit has] often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  See Acri, 114 F.3d at 1001 (quotations and citation omitted)); Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims).

The claims over which this Court had original jurisdiction, Plaintiff's ADA claims, have been dismissed with prejudice.  The only remaining matter before this Court, the Jamisons' cross-claim, involves solely state law claims.

The Court finds judicial economy is not promoted by continuing to exercise supplemental jurisdiction over the cross-claim since that claim has not been considered by the Court in any meaningful way.  See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) (stating that "[t]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction"); Meza v. Matrix Serv., No. CIV. 2:09-3106 WBS JFM, 2010 WL 366623, at *4 (E.D. Cal. 2010) (stating since "[t]he court has not decided any substantive motions in this case and has had only minimal involvement in the matter thus far[,][t]here is no prevailing reason for this court to maintain jurisdiction to preserve judicial economy."); Sprigmeyer, 2010 WL 2740178, at *2.  This

applies with even more clarity to the additional claims the Jamisons now seek to add.  Furthermore, the Court finds no compelling convenience or fairness factors weighing in favor of exercising supplemental jurisdiction.  Accordingly, the Court declines to continue exercising supplemental jurisdiction over the cross-claim under 28 U.S.C. § 1367(c)(3), and the matter is dismissed without prejudice.

### III.   ORDER

For the reasons set forth above, the Court declines to exercise supplemental jurisdiction over the cross-claim and therefore DISMISSES the cross-claim without prejudice.  The Jamisons' motion to amend is DENIED as moot.

IT IS SO ORDERED.

Dated: September 16, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE